UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DOUGLAS KAMINSKI,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:10-CV-226<br>(VARLAN/GUYTON) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of the Plaintiff's Motion for Summary Judgment [Doc. 9] and the Defendant's Motion for Summary Judgment [Doc. 16]. The Plaintiff Douglas Kaminski ("Plaintiff") seeks judicial review of the decision by Administrative Law Judge ("ALJ") Denise Pasvantis to deny him benefits, which was the final decision of the Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On May 1, 2007, the Plaintiff filed an application for supplemental security income ("SSI") and an application for disability insurance benefits ("DIB"). [Tr. 92-103, 113]. On the application, the Plaintiff alleged a period of disability which began on October 1, 2006. [Tr. 92-103, 113]. On June 12, 2009, ALJ Pasvantis held a hearing, and issued a decision finding the Plaintiff "not

disabled." [Tr. 17-43]. On April 7, 2010, the Appeals Council denied the Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner. [Tr. 1-3]. The Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g).

## I. ALJ FINDINGS

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since October 1, 2006, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following combination of severe impairments: hypertension and a previous clipping of a posterior inferior cerebral artery aneurysm (20 CFR 404.1520(c) and 416.920c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 50 pounds occassionally and 25 pounds frequently. The claimant can stand or walk 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday.

6. The claimant is capable of performing past relevant work as a grinding supervisor. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act from October 1, 2006 through the date of this decision (20 CRF 404.1520(f) and 416.920(f).

[Tr. 12-18].

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI if he has financial need and he is aged, blind, or under a disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). An individual shall be determined to be under a disability only if his physical and/or mental impairments are of such severity that he is not only unable to do his previous work, but also cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his

> past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

Plaintiff bears the burden of proof at the first four steps. Id. The burden of proof shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. STANDARD OF REVIEW

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v.

Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV. ANALYSIS AND BASIS FOR REMAND

The Plaintiff presents the Court with two arguments on appeal: (1) the ALJ erred by rejecting the uncontradicted mental evaluation of his treating physician, Daniel L. Cox, M.D., and (2) the ALJ erred by substituting her own medical judgment regarding the Plaintiff's mental limitations when determining the Plaintiff's residual functional capacity ("RFC"). [Doc. 10 at 4-6]. The Commissioner responds that (1) Dr. Cox's mental evaluation is not entitled to controlling weight and (2) the ALJ did not assume the role of medical expert when she weighed all the medical and non-medical evidence before rendering her RFC determination. [Doc. 17 at 6-9].

### A. The ALJ's Rejection of the Plaintiff's Treating Physician's Mental Evaluation

The Plaintiff argues that the ALJ erred by rejecting the opinion of his treating physician, Dr. Cox. [Doc. 10 at 5]. Specifically, the Plaintiff asserts that Dr. Cox's mental evaluation was entitled to controlling weight as it is an uncontradicted opinion from his treating physician. [Doc. 10 at 5]. The Commissioner contends that Dr. Cox's mental evaluation is not entitled to controlling weight because it is not well-supported by acceptable medical techniques. [Doc. 17 at 7].

The Sixth Circuit Court of Appeals has held that "medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are *uncontradicted*, complete deference." Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985) (internal citation omitted) (emphasis added). The regulations provide the following rationale for according treating sources substantial deference:

> [T]hese sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(d)(2). The Court of Appeals recognizes, however, that complete deference is given to a treating physician opinion "only if the treating physician's opinion is based on sufficient medical data." Harris, 756 F.2d at 435 (citation omitted).

In this case, the Commissioner does not identify nor does the record reflect a medical opinion contrary to Dr. Cox's mental evaluation. On May 6, 2009, Dr. Cox completed a mental assessment regarding the Plaintiff's ability to perform work-related activities. [Tr. 243]. Dr. Cox opined that the Plaintiff had poor or no ability to deal with the public; interact with supervisors; deal with work stresses; maintain concentration and attention; and understand, remember, and carry out complex or detailed job instructions. [Tr. 243-44].

Sufficient medical evidence supports Dr. Cox's opinion. Dr. Cox's mental evaluation was based on the knowledge he gained as a result of providing the Plaintiff ongoing treatment for depression. For example, Dr. Cox's first treatment note of record is dated January 10, 2008, and indicates that the Plaintiff was "in for a *followup* on his depression." [Tr. 260 (emphasis added)]. Three months later in April 2008, the Plaintiff saw Dr. Cox again for a "followup" visit to treat the Plaintiff's depression. [Tr. 258]. During this visit, Dr. Cox prescribed the Plaintiff amitriptyline for his "chronic pain and depression." [Tr. 258]. Dr. Cox continued to treat the Plaintiff, and in May 2009, Dr. Cox noted that the Plaintiff was in "with continued feelings of depression, intolerance to the last medication." [Tr. 248]. During this visit, Dr. Cox indicated that the Plaintiff's "[a]ffect is still somewhat down" and that he was going to prescribe a new medication. [Tr. 248]. As a result

of these clinical visits, Dr. Cox, as the Plaintiff's treating physician, was in the best position to provide a longitudinal picture of the Plaintiff's non-exertional limitations in the absence of a contrary medical opinion.

The ALJ gave Dr. Cox's opinion "no weight as it is completely inconsistent with the claimant's lack of mental health treatment and counseling, and Dr. Cox's own objective evidence." [Tr. 13]. Ultimately, the ALJ concluded at step two that the Plaintiff's depression caused no more than a "minimal limitation in her ability to perform basic work activities" and did not constitute a severe impairment. [Tr. 13]. The ALJ ended his analysis of the Plaintiff's depression at step two, and did not consider or incorporate Dr. Cox's opinion of the Plaintiff's non-exertional limitations in her RFC determination.

Accordingly, the Court finds that the ALJ committed error by rejecting the uncontradicted medical opinion of the Plaintiff's treating physician, Dr. Cox. Dr. Cox had treated the Plaintiff since January 2008 for depression, and as provided by the regulations, was in the best position to provide a detailed, longitudinal assessment of the Plaintiff's depression.

**B. The ALJ's RFC Determination**

The Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because she rejected Dr. Cox's uncontradicted mental assessment. [Doc. at 6-7]. The Plaintiff asserts that the ALJ is not qualified to make a medical judgment regarding his mental limitations without medical evidence to support an RFC determination that fails to include any non-exertional limitations. [Doc. 10 at 6-7]. The Plaintiff contends that the ALJ "was free to order a consultative exam, which she did not do." [Doc. 10 at 7]. The Commissioner responds that the ALJ

did not "play doctor" and assume the role of medical expert when determining the Plaintiff's RFC. [Doc. 17 at 9].

In support of his position, the Commissioner cites the Seventh Circuit Court of Appeals case Simila v. Astrue. 573 F.3d 503, 514 (7th Cir. 2009). In Simila, the plaintiff argued that the ALJ "played doctor" when he rejected the only psychologist opinion of record. Id. at 514-15. As a result, the plaintiff asserted that the ALJ's RFC determination was not supported by substantial evidence when he failed to obtain an expert opinion. Id. The Seventh Circuit Court of Appeals found that an ALJ need not accept a medical opinion that is contrary to other evidence in the record. Id. at 515. Ultimately, the court held that while "another psychologist's opinion would have augmented the ALJ's analysis, neither the regulations nor our prior decisions require the ALJ to rely on such specific evidence to rebut a *nontreating physician*. Id. (emphasis added).

This case is distinguishable from the holding of Simila. In this case, the ALJ rejected the sole mental assessment provided by the Plaintiff's *treating* physician, Dr. Cox. See Robertson v. Astrue, No. 1:07CV64-J, 2008 WL 659458, *6 (W.D. Ky. March 7, 2008) (finding that an ALJ impermissibly substitutes his views when rejecting an uncontroverted medical opinion). In addition, while an ALJ need not accept a medical opinion that is contrary to other evidence, the record reflects no medical evidence that contradicts Dr. Cox's evaluation.[1] As a result, the ALJ impermissibly substituted her own opinion for that of the Plaintiff's treating physician when she failed to account for the Plaintiff's mental limitations in the RFC determination. See Grecol v. Halter, 46 F. App'x

[1]The Commissioner correctly states that it is within the ALJ's discretion to obtain medical expert testimony. See 20 C.F.R. §§ 404.1527(f)(2)(iii); 416.927(f)(2)(iii). Despite such discretion, however, the ALJ's RFC determination must be supported by substantial evidence of the record.

773, 777 (6th Cir. 2002) (holding that in the absence of competing evidence, an ALJ may not substitute his opinion for that of an examining physician).

Moreover, at the hearing, the Vocational Expert testified that the Plaintiff would be incapable of performing work at any exertion level if the ALJ incorporated Dr. Cox's no-exertional limitations into his RFC determination. [Tr. 42].

Accordingly, the Court finds that the ALJ's RFC determination is not supported by substantial evidence. In the absence of evidence which would support the RFC determination in this case, the Court finds that ALJ impermissibly substituted her own opinion that the Plaintiff suffers *no* no-exertional limitations.

## V. CONCLUSION

It is **RECOMMENDED** that this case be **REMANDED** to the Defendant Commissioner for further proceedings consistent with this Report and Recommendation. To that end, Plaintiff's Motion for Summary Judgment **[Doc. 9]** is **GRANTED** only for remanding the case as aforesaid. It is further **RECOMMENDED** that the Defendant's Motion for Summary Judgment **[Doc. 16]** be **DENIED**.[2]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).